UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  06-80608-CIV-MARRA/JOHNSON

JOANNA GILLETT CARRAN,
an individual,

    Plaintiff,

vs.

MICHAEL MORGAN, an individual,
and MICHAEL MORGAN d/b/a
ANGLO OFFSHORE RESOURCES,
and MERRILL LYNCH, PIERCE, FENNER
AND SMITH INC., a New York Corporation,

    Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc.'s ("Merrill Lynch") Motion to Dismiss the Second Amended Complaint [DE 57].  The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

The four-count Second Amended Complaint alleges a violation of 10b-5 of the Securities Exchange Act of 1934 (Count I) against Defendant Michael Morgan ("Morgan"), individually and d/b/a Anglo Offshore Resources, and Merrill Lynch; a violation of Florida Statute § 517.12 (Count II)  against Morgan, individually and d/b/a Anglo Offshore Resources, and Merrill Lynch; a Breach of Fiduciary Duty, Establishment of Constructive Trust and Issuance of Lis Pendens (Count III) against Morgan, individually, and a violation of Florida Statute § 517.301 (Count IV) against Morgan, individually and d/b/a Anglo Offshore Resources, and Merrill Lynch.

The Second Amended Complaint states that Plaintiff Joanna Gillett Carran ("Carran") became acquainted with Morgan in June or July of 2000. (Second Am. Compl. ¶ 8.) Morgan held himself out as an expert investment advisor and agreed to invest Carran's money, her divorce settlement of approximately 1.4 million dollars, in safe investments with the primary goal of gaining income and preserving capital. (Second Am. Compl. ¶¶ 9-10.) Morgan promised Carran that his recommendations were safe, had high liquidity and did not require additional fees or charges. (Second Am. Compl. ¶ 11.)

Morgan was not registered with the National Association of Securities Dealers ("NASD"), the state of Florida or any other exchange that would have permitted him to give investment advice or sell securities within the United States. (Second Am. Compl. ¶ 13.) Morgan never provided a prospectus to Carran and the investments provided by Morgan either did not exist or were highly speculative in nature. (Second Am. Compl. ¶¶ 13-14.) At Morgan's directive, Carran sent checks to various banks and deposited large sums of money into various accounts of which Morgan had total control. (Second Am. Compl. ¶ 20.) The Second Amended Complaint alleges that Morgan induced Carran to engage in fifteen separate transactions, from November 12, 2000 through July 24, 2004, which promised a high rate of return and safety of principal. (Second Am. Compl. ¶ 21(a)-(o).) Carran wired money to various funds recommended by Morgan or hand-delivered checks to Morgan. (Second Am. Compl. ¶ 21(a)-(o).) On January 9, 2003, Carran wired $80,000.00 to a Merrill Lynch account in the name of Anglo Tiger Growth Fund. (Second Am. Compl. ¶ 21(h)). The Second Amended Complaint states that, based on that transaction, Merrill Lynch knew that Morgan was maintaining a public investment account/mutual fund that allowed him to conduct an illegal securities practice that acted as a

fraud. (Second Am. Compl. ¶¶ 33, 42, 55.) Specifically, according to the Second Amended Complaint, Merrill Lynch acted as an aider and abettor to Morgan. (Second Am. Compl. ¶¶ 34, 43, 56.) While maintaining effective control of Carran's funds through 2006, Morgan converted Carran's money for his own use. (Second Am. Compl. ¶ 21.)

Merrill Lynch moves to dismiss the Second Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Merrill Lynch argues that there is no violation of Fla. Stat. § 517.12 because Plaintiff cannot establish that Merrill Lynch was responsible for ensuring Morgan's registration since the only relationship between Merrill Lynch and Morgan was that Morgan was a customer of Merrill Lynch. With respect to Fla. Stat. § 517.301, Merrill Lynch claims the Second Amended Complaint is deficient for failing to allege that: (1) Merrill Lynch made false or misleading statements or omitted a material fact to Plaintiff; (2) Plaintiff knew Morgan had a Merrill Lynch account or that Morgan had an agency or employment relationship with Merrill Lynch and (3) Merrill Lynch was a director, officer, partner, or agent of Morgan or sold or participated in the investments complained of by Plaintiff.

In response, Plaintiff asserts that Merrill Lynch aided and abetted Morgan based on Merrill Lynch's knowledge that Morgan was maintaining a public investment account and Merrill Lynch's access to the transactions of the Anglo Tiger Growth Fund. (Pl. Resp. 2.) Plaintiff also seeks to amend the Second Amended Complaint to include a claim for negligence.[1]

In reply, Merrill Lynch points out that Plaintiff relies on facts not alleged in the Second Amended Complaint and that, even considering those facts, Plaintiff has failed to state a claim

---

[1] Merrill Lynch also moved to dismiss Count I, the claim brought pursuant to 10b-5 of the Securities Exchange Act of 1934. Plaintiff concedes that this claim must be dismissed. (Pl. Resp. 2, 5.)

for aiding and abetting. In addition, Merrill Lynch urges this Court to hold that there is no private claim for aiding and abetting under Chapter 517, Florida Statutes.

## II. Legal Standard

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." 127 S. Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). Lastly, it is axiomatic that, at the motion to dismiss stage, the Court must consider well-pled allegations of the complaint as true and must limit its examination to the four corners of the complaint. See Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) ("[a]ll facts set forth in a plaintiff's complaint are to be accepted as true"); St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) (the court accepts the facts

alleged in the complaint as true and draws reasonable inferences in the plaintiff's favor).

### III.  Discussion

1. Florida Statutes

A. Florida Statute § 517.12

In support of the claim of a violation of Florida Statute § 517.12(1) against Merrill Lynch, the Second Amended Complaint states that Merrill Lynch knew Morgan maintained a public investment account, allowed Morgan to conduct an illegal securities practice, knowingly aided and abetted Morgan and failed to supervise Morgan's account activities. (Second Am. Compl. ¶¶ 42-44.)  Notably, there are no allegations that Morgan was an employee or agent of Merrill Lynch.

Florida Statute § 517.12(1) states as follows:

> No dealer, associated person, or issuer of securities shall sell or offer for sale any securities in or from offices in this state, or sell securities to persons in this state from offices outside this state, by mail or otherwise, unless the person has been registered with the office pursuant to the provisions of this section. The office shall not register any person as an associated person of a dealer unless the dealer with which the applicant seeks registration is lawfully registered with the office pursuant to this chapter.

Given that the Second Amended Complaint simply alleges that Morgan opened a Merrill Lynch account in a corporate name, the only relationship that exists between Morgan and Merrill Lynch is that Anglo Tiger Growth Fund was a customer of Merrill Lynch and that the Fund was owned and controlled by Morgan.  Plaintiff has not alleged that Morgan acted as a dealer, associated person[2] or issuer of securities on behalf of Merrill Lynch.  Under those facts, Florida Statute §

---

[2] Florida Statute § 517.021(2)(a) defines an associated person as (1) Any partner, officer, director, or branch manager of a dealer or investment adviser or any person occupying a similar status or performing similar functions; (2) Any natural person directly or indirectly controlling or controlled by such dealer or investment adviser, other than an employee whose function is only

517.12(1) did not require Merrill Lynch to register Morgan. To the extent that Plaintiff can allege, in good faith and subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure, that Morgan was a dealer, associated person or issuer of securities on behalf of Merrill Lynch, Plaintiff is granted leave to amend the complaint.

### B. Florida Statute § 517.301

Florida Statute § 517.301(1)(a)(1)-(3) makes it unlawful for any person in connection with the offer, sale or purchase of an investment or security to (1) to employ any device, scheme, or artifice to defraud; (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading or (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person.

A plaintiff is afforded a private cause of action through Fla. Stat. § 517.211 which provides:

> Any person purchasing or selling a security in violation of s. 517.301, and every director, officer, partner, or agent of or for the purchaser or seller, if the director, officer, partner, or agent has personally participated or aided in making the sale or purchase, is jointly and severally liable to the person selling the security to or purchasing the security from such person in an action for rescission, if the plaintiff still owns the security, or for damages, if the plaintiff has sold the security.

Fla. Stat. § 517.211(2); see also Compania de Elaborados de Café v. Cardinal Capital Mgmt., Inc., 401 F. Supp. 2d 1270, 1287 (S.D. Fla. 2004) (noting private cause of action under Fla. Stat. § 517.211).

---

clerical or ministerial; or (3) Any natural person, other than a dealer, employed, appointed, or authorized by a dealer, investment adviser, or issuer to sell securities in any manner or act as an investment adviser as defined in this section.

The Second Amended Complaint states that Merrill Lynch knew Morgan maintained a public investment account, allowed Morgan to conduct an illegal securities practice and knowingly aided and abetted Morgan. (Second Am. Compl. ¶ ¶ 55-56.) Noticeably absent are any allegations that Merrill Lynch made any false or misleading statements or omitted a material fact to Plaintiff. Nor are there any allegations that Plaintiff had any contact with Merrill Lynch or knew that Morgan had a Merrill Lynch account.

Plaintiff does, however, state that this claim is brought under an aiding and abetting theory of liability.[3] (Pl. Resp. 2.) Notably, liability based on such a theory is limited to directors, officers, partners or agents of the purchaser or seller and those directors, officers, partners or agents must have personally participated in the sale. Dillon v. Axxsys Intern., Inc., 385 F. Supp. 2d 1307, 1312-13 (M.D. Fla. 2005). In other words, "no amount of involvement with the business of the seller will overcome the absence of personal participation or aid in the making of the sale." Id. at 1313; cf. Mesher v. Combs, 685 So. 2d 1391 (Fla. Dist. Ct. App. 1997) (corporate officers who made misrepresentations inducing investment were individually liable to investor, jointly and severally with the corporation). Here, there are no allegations that Merrill Lynch was a director, officer, partner or agent of Morgan or that Merrill Lynch sold or participated in the investments at issue.

Nonetheless, Plaintiff argues that Merrill Lynch can be held liable for a violation of Fla. Stat. § 517.301 because Merrill Lynch had "access to every transaction and wire transfer made by [ ]

---

[3] In its reply memorandum, Merrill Lynch seeks a ruling that there is no aiding and abetting liability under Chapter 517, Florida Statutes as a matter of law. (Def. Reply 5.) It is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief. See Tallahassee Memorial Regional Med. Ctr. v. Bowen, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987). In any event, the Court finds that this question need not be reached. Even assuming aiding and abetting liability exists under Chapter 517, Florida Statutes, the Second Amended Complaint does not appear to plead adequately a claim brought under this theory of liability.

Morgan," that discovery shows that Morgan's wire transfers into the Anglo Tiger Growth Fund included personal matters of Morgan, and that Merrill Lynch failed in its duty to report "highly unusual activities" in this account. (Pl. Resp. 2-4.) In support, Plaintiff cites Palmer v. Shearson, 622 So. 2d 1085 (Fla. Dist. Ct. App. 1993) for the proposition that Merrill Lynch's failure to report the unusual activities in this account render Merrill Lynch liable under a negligence theory.

To begin, it is axiomatic that the Court must limit its examination to the four corners of the complaint. See Snow, 450 F.3d at 1320; St. George, 285 F.3d at 1337. Plaintiff's claim that Merrill Lynch knew about every transaction and that the account had "highly unusual" activity was not alleged in the Second Amended Complaint. Instead, these newly-mentioned facts arose during discovery. As such, because these arguments rely on evidence garnered from discovery, they must be rejected when considering a motion to dismiss.

Furthermore, Palmer v. Shearson does not help Plaintiff. In Palmer, the court examined negligence claims presented by investor plaintiffs who sued a brokerage firm based on injuries allegedly committed by the firm's former employee. That employee had been terminated based on unprofessional and suspicious activities, yet the firm did not file a report documenting the reasons for the employee's termination as required by statute. Palmer, 622 So. 2d at 1088. Subsequent to his termination, the investor plaintiffs had become clients of the former employee. Id. Thus, at the time of the injuries, the former employee was not employed by the firm and the investors were never clients of the firm.

The Palmer court found that the firm owed no common law duty to the investors with respect to the former employee's negligent conduct. Id. at 1089. In so finding, the Palmer court noted that a person has no duty to control the conduct of another or to warn those placed in danger by such

conduct unless a special relationship exists between the defendant and the persons whose behavior needs to be controlled or the foreseeable victim of such conduct. Id. Applying that portion of the Palmer holding to this case, the Court finds that Palmer supports Merrill Lynch's position, not Plaintiff's position. Morgan was not an employee of Merrill Lynch and Plaintiff was not a client of Merrill Lynch. Thus, Merrill Lynch had no duty to warn Plaintiff.

Palmer also held that there was a claim for negligence based on the firm's failure to report the fact and the reason for the former employee's termination as required under Fla. Stat. § 517.301(1)(c).[4] Id. at 1090. Palmer states that, unlike Fla. Stat. § 517.301(1)(a)(1)-(3), a violation of this provision is not limited to an offer, sale or purchase of a security and requires no transactional privity as a basis for finding a violation of § 517.301(1)(c). Id. at 1092. As such, Palmer held that when the brokerage firm violated its mandatory reporting requirements by "knowingly and willfully" filing a false report, and thereby misrepresented the grounds for terminating the former employee, the brokerage firm violated § 517.301(1)(c). Id. at 1090. This portion of Palmer, however, does not advance Plaintiff's claim. The Second Amended Complaint does not allege that Merrill Lynch filed any false reports in violation of its statutory duty under § 517.301(1)(c). Moreover, Palmer addresses a direct violation of chapter 517, and not liability arising from aiding and abetting liability.

Thus, under the facts as plead in the Second Amended Complaint, there is no viable claim

---

[4] Fla. Stat. § 517.301(1)(c) provides that "[i]t is unlawful and a violation of the provisions of this chapter for a person: [i]n any matter within the jurisdiction of the office, to knowingly and willfully falsify, conceal, or cover up, by any trick, scheme, or device, a material fact, make any false, fictitious, or fraudulent statement or representation, or make or use any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry."

against Merrill Lynch for liability under Florida Statute § 517.301.  Nonetheless, to the extent Plaintiff can allege, in good faith and subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure, that Merrill Lynch was a director, officer, partner or agent of Morgan, that Merrill Lynch sold or participated in the investments at issue, that Morgan was an employee of Merrill Lynch or Plaintiff was a client of Merrill Lynch, Plaintiff may amend the complaint.

      2.  Plaintiff's Motion to Amend the Complaint to State a Negligence Claim

Plaintiff requests leave to amend the complaint to add a negligence count against Merrill Lynch.  Plaintiff argues that the grounds for this amendment stems from Merrill Lynch's failure to file a suspicious activity report with the United States Department of Treasury in violation of 31 C.F.R. § 103.19 with respect to Morgan's account with Merrill Lynch. (Pl. Resp. 3.)   Of course, there is no private right action for failure to file a suspicious activity report. See B.E.L.T., Inc. v. Wachovia Corp., 403 F.3d 474 (7th Cir. 2005) (finding no private right of action under the companion regulation 12 C.F.R. § 21.11 which pertains to suspicious activity reports filed by banks). Nor could Merrill Lynch be found negligent for failing to notify Plaintiff of the "highly unusual" activities in the Anglo Tiger Growth Fund, given the requirement of confidentiality of the suspicious activity reports. See 31 C.F.R. § 103.19(e).  Accordingly, since Plaintiff's amendment would be futile, Plaintiff's request to amend the complaint to add a claim for negligence is denied. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (where amendment would be futile, the district court need not allow amendment of a complaint).

<u>IV.  Conclusion</u>

Accordingly, Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") Motion to Dismiss the Second Amended Complaint [DE 57] is **GRANTED**.  Plaintiff is granted leave to amend the compliant in compliance with the directives set forth in this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of November, 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies to:

All counsel of record